UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM LEONARD,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>RENEE BAKER et al.,<br><br>　　　　　　　Defendants. | Case No. 3:15-cv-00275-MMD-VPC<br><br>ORDER |

## I. DISCUSSION

On May 31, 2016, this Court issued a screening order on Plaintiff's first amended complaint and permitted Counts I, II and IV to proceed. (ECF No. 13 at 10-11; *see* ECF No. 11.) The Court dismissed Counts III and V without prejudice. (ECF No. 13 at 10.) The Court also dismissed Defendants Baker, Cox, Aranas, Koehn, Jones, Drain, Smith, Fletcher and Byrne without prejudice. (*Id.* at 11.) The Court stayed the case for ninety (90) days to give the parties an opportunity to settle their dispute. (*Id.*) On August 23, 2016, the parties engaged in mediation but did not reach a settlement. (ECF No. 17.) The Court granted Plaintiff's application to proceed *in forma pauperis* and issued a service order. (ECF No. 19.)

On October 6, 2016, Plaintiff filed a motion for leave to file a second amended complaint and attached the proposed second amended complaint. (ECF No. 32, 32-1.) On December 1, 2016, the Court granted Plaintiff's motion to amend and filed Plaintiff's second amended complaint on December 2, 2016. (ECF No. 48, 49.)

1 | On December 15, 2016, Plaintiff filed a 96-page motion for reconsideration of this Court's May 2016 screening order. (ECF No. 50.) Plaintiff objected to the dismissal of some of the defendants in his case. (*Id.* at 2-18.) In response, Defendants argued that the second amended complaint contained the same factual allegations and causes of action as Plaintiff's first amended complaint. (ECF No. 57 at 5.) Defendants argued that Plaintiff regurgitated the same factual allegations that he had previously asserted. (*Id.* at 6.) In reply, Plaintiff argued that he provided the Court with newly discovered evidence which strengthened his factual allegations. (ECF No. 62 at 2.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies the motion for reconsideration. The Court has reviewed the arguments in Plaintiff's motion and finds that the Court considered these arguments and allegations when it screened Plaintiff's first amended complaint. The Court does not find that it committed clear error in its initial decision. Additionally, Plaintiff has not provided the Court with any newly discovered evidence that would change the outcome of the screening order.

///
///
///
///
///

II. **CONCLUSION**

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 50) is denied.

DATED THIS 9th day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE