UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM LEONARD, | ) | 3:15-cv-00275-MMD-VPC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | April 10, 2017 |
| RENEE BAKER, et al., | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court are several motions: ECF Nos. 59, 64, 68, and 80.

On December 21, 2016, defendants filed a motion for summary judgment (ECF No. 53). Plaintiff's opposition was due by January 11, 2017. On January 3, 2017, plaintiff filed a motion for enlargement of time to respond to defendants' motion for summary judgment (ECF No. 59). However, plaintiff filed his opposition to the motion for summary judgment (ECF No. 61), on January 6, 2017, five days before it was due. Accordingly, plaintiff's motion for enlargement of time (ECF No. 59) is **DENIED** as moot.

On January 12, 2017, plaintiff moved to strike a portion of defendants' motion for summary judgment relating to "urine dip stick test results" on the grounds that it misleads the court and defendants fail to provide an expert witness to support the evidence. (ECF No. 64 at 2.) Federal Rule of Civil Procedure 12(f) provides that the court may strike "any redundant, immaterial, impertinent, or scandalous matter." Having thoroughly reviewed the relevant portion of defendant's motion for summary judgment, the court does not find the it to be misleading or "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Accordingly, plaintiff's motion to strike (ECF No. 64) is **DENIED**.

On January 23, 2017, plaintiff filed a motion for injunctive relief (ECF No. 68). On February 9, 2017, plaintiff filed a notice that he was no longer requesting injunctive relief (ECF No. 78). Accordingly, plaintiff's motion for injunctive relief (ECF NO. 68) is deemed **WITHDRAWN**.

1

On March 3, 2017, plaintiff filed a "motion for reasonable opportunity for discovery" (ECF No. 80). Defendants responded (ECF No. 84) and plaintiff replied (ECF No. 86). In plaintiff's motion (ECF No. 80), he argues that he has not be afforded a reasonable opportunity for discovery and asks that the court wait to decide the motion for summary judgment (ECF No. 53) until he has this opportunity. (ECF No. 80 at 13-14.) The only legal basis plaintiff provides the court in support of his motion is a cite to *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986), which states "A motion for summary judgment is to be considered after adequate time for discovery." (*Id.* at 14.) The court construes plaintiff's motion as a Federal Rule of Civil Procedure 56(d) motion. Under FRCP Rule 56(d), the movant is required to show that, "for specified reasons, [he] cannot present facts essential to justify [his] opposition." Given that plaintiff filed a 131-page opposition to defendants' motion for summary judgment nearly two months before filing the instant motion, the court doubts plaintiff will be unable to present facts essential to his opposition. Further, plaintiff has not shown that the requested discovery is essential to justify his opposition. Accordingly, plaintiff's "motion for reasonable opportunity for discovery" (ECF No. 80) is **DENIED**.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

BY: /s/
 Deputy Clerk