UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM LEONARD,<br><br>                      Plaintiff,<br>     v.<br><br>RENEE BAKER, *et. al.*,<br><br>                      Defendants. | Case No. 3:15-cv-00275-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 89) ("R&R" or "Recommendation") relating to Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF Nos. 53, 54). Plaintiff filed his objection (ECF No. 90) to which Defendants responded (ECF No. 92). Plaintiff then filed his reply without seeking leave of court (ECF No. 95). LR IB 3-2(a) provides that a reply in response to an objection to the Magistrate Judge's report and recommendation may be filed only with leave of the court. Plaintiff did not seek leave to file a reply and given the extensive briefings relating to Defendants' Motion, the Court finds that Plaintiff's reply is unwarranted and will grant Defendants' motion to strike Plaintiff's reply (ECF No. 98). Because the Court did not grant Plaintiff leave to submit purported new evidence in opposition to Defendants' Motion, the Court grants Defendant's motions to strike Plaintiff's purported new evidence submission and notice of new evidence (ECF Nos. 91, 94, 107). (ECF Nos. 97, 111.)

Plaintiff filed several motions that are related to the Court's resolution of the R&R: second motion for appointment of counsel (ECF No. 88); second motion for reconsideration (ECF No. 93), motion for continuance (ECF No. 99), and motions for

leave to file new evidence (ECF Nos. 103, 114). The Court will address these motions first.

## II. BACKGROUND

Plaintiff William Leonard is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and currently housed at Ely State Prison ("ESP"). On May 31, 2016, this Court issued a screening order on Plaintiff's first amended complaint ("FAC") and permitted Counts I, II and IV to proceed. (ECF No. 13 at 10-11; *see* ECF No. 11.) The Court dismissed Counts III and V without prejudice. (ECF No. 13 at 10.) The Court also dismissed Defendants Baker, Cox, Aranas, Koehn, Jones, Drain, Smith, Fletcher and Byrne without prejudice. (*Id.* at 11.) The Court subsequently granted Plaintiff's motion for leave to file his second amended complaint ("SAC"), which is nearly identical to the FAC, and permitted the same three counts to proceed. (ECF No. 48.) Plaintiff then filed a 96-page motion for reconsideration of this Court's May 2016 screening order. (ECF No. 50.) The Court denied his motion, finding that "Plaintiff has not provided the Court with any newly discovered evidence that would change the outcome of the screening order." (ECF No. 81 at 2.)

Plaintiff's claims arise from two separate incidents. The first two counts are based on Plaintiff's allegations that he had been suffering from a sore and bleeding penis and that he was not offered a "dry cell" in which to provide his urine sample, but was instead catheterized when he was unable to provide a urine sample. (ECF No. 49 at 7-9.) The third count is based on Defendants Dr. Shaw and Seena's alleged deliberate indifference to Plaintiff's broken denture and his need for "soft diet" as a result. (*Id.* at 12-13, 21.) The relevant background facts are set forth in detailed in the R&R, which this Court adopts. (ECF No 89 at 4-5, 9.)

## III. PLAINTIFF'S MOTIONS

Plaintiff's pending motions are essentially motions for reconsideration since the Court has addressed the issues raised in these motions. A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth

facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. The Court finds Plaintiff has not presented a valid reason for the Court to reconsider.

The Court denied Plaintiff's motion for appointment of counsel, finding that this case does not meet the exceptional circumstances requirement for the Court to seek volunteer counsel to represent Plaintiff. (ECF No. 35.) Plaintiff's second motion for appointment of counsel (ECF No. 88) is therefore denied. The Court previously denied Plaintiff's motion for reconsideration (ECF No. 81) and will not reconsider its earlier ruling. Plaintiff's second motion for reconsideration (ECF No. 93) is therefore denied. The Court previously denied Plaintiff's motion for continuance of the summary judgment proceedings to permit him to conduct discovery. (ECF No. 97 at 2.) Plaintiff offers no valid reason for the Court to reconsider and therefore his second motion for continuance (ECF No. 99) is denied.

Plaintiff filed two motions for leave to file new evidence and arguments in support of his opposition to Defendants' Motion. (ECF No. 103, 114.) In the first motion, he essentially offers evidence presented through his expert witnesses' declarations that catheterization was not medically necessary. He also reargues his objection that "there was no medical order to catheterize Plaintiff because he had a problem with his bladder and was unable to urinate."[1] (ECF No. 103 at 10.) In the second motion, Plaintiff challenges the order for him to be catheterized and appears to ask for leave to amend to sue the doctor who issued the order. (ECF No. 114 at 4.) The Court finds that Plaintiff has had ample opportunity to present evidence in opposition to Defendants' Motion and in support of his objection. Moreover, Plaintiff's two motions repeat arguments presented in his opposition to Defendants' Motion and his objection. Accordingly, the Court denies Plaintiff's two motions for leave to file new evidence and arguments. Plaintiff cannot

---

[1]This is the main argument Plaintiff raised in his objection to the Magistrate Judge's recommendation to grant summary judgment on Counts I and II. (ECF No. 90 at 2-5.)

3

continue to repeated motions offering essentially the same arguments because he disagrees with the Court's rulings.

IV.     **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    **A.     Legal Standards**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is

"genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.     Discussion**

The Magistrate Judge recommends granting summary judgment on all three counts that survived screening. The Court will address each count below.

///

///

### 1. Count I: Unreasonable Search in Violation of the Fourth Amendment

In *Skinner v. Ry. Labor Exec. Ass'n*, 489 U.S. 602 (1989), the Supreme Court held that the collection and testing of urine is a search and seizure within the meaning of the Fourth Amendment. *Id.* at 617. "[T]o avoid the proscription of the Fourth Amendment, urinalyses must be conducted in a reasonable manner." *Thompson v. Souza*, 111 F.3d 694, 701 (9th Cir. 1997). To determine reasonableness, the Supreme Court has held that each case "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails" and that "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979); *see also Souza*, 111 F.3d at 702 (applying the *Bell* balancing factors in light of the test articulated in *Turner v. Safley*, 482 U.S. 78 (1987)). However, prison officials are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 547.

The Magistrate Judge recommends granting summary judgment on Count I, finding that the collection of urine under the circumstances of this case to be reasonable after examining the above referenced factors. In particular, the Magistrate Judge found that the parties do not dispute that (1) the scope of the search was reasonable because Plaintiff was randomly selected for urinalysis, (2) random urinalysis was justified and (3) the place of the urinalysis was reasonable because it occurred in an ESP medical examination room. (ECF No. 89 at 6.) The Magistrate Judge found that Plaintiff's urinalysis was reasonably related to legitimate penological interests. (*Id.*) Plaintiff does not object to these findings. The Court thus adopts the Magistrate Judge's findings on these issues. *Thomas,* 474 U.S. at 149.

Plaintiff's main objection with respect to Count I is the Magistrate Judge's finding that the manner in which the urinalysis was conducted was reasonable the

catheterization was not done for the purpose of collection. In particular, the medical records show that "the catheterization was performed because of Plaintiff's complaints about pain and blood in his urine" and the urinalysis was collected after the catheterization. (ECF No. 89 at 6.) The Magistrate Judge cites to the following evidence in the records as support for her finding:

> An examination of plaintiff's medical records indicates that the catheterization was done for this purpose. (*See* ECF Nos. 54-1, 54-2 at 2.) A "medical report of incident, injury or unusual occurrence" was filled out on July 9, 2014 stating that "inmate reported urine [with] blood in it." (ECF No. 54-1.) The medical report further states that a "straight cath" and "urine dip" were performed and that the specimen was sent to CERT, presumably for the urinalysis. (*Id.*) Plaintiff's progress notes further indicate that the catheterization was done because of plaintiff's complaints of "pain in urethra and bladder area" and plaintiff stated he felt more "relieved" after the catheterization. (ECF No. 54-2 at 2.)

(*Id.*)

Plaintiff challenges this finding in his objection, contending that "the medical records do not show the catheterization was done to obtain a urine specimen regarding blood in Plaintiff's urine." (ECF No. 90 at 2.) Plaintiff's contention is not supported by the records. Defendants submitted a document entitled "Medical Report of Incident, Injury or Unusual Occurrence" for Plaintiff dated July 9, 2014, which states: "inmate reported 'urine blood in it' – MD ordered straight cath + urine dip done." (ECF No. 54-1 at 2.) The "Progress Notes" for Plaintiff contain a notation for July 9, 2014, stating essentially that Plaintiff was "catherized" and that he had "c/o pain in urethra + bladder area – stable he now feels more 'relieved.'" (ECF No. 54-2 at 2.) The Court thus agrees with the Magistrate Judge's finding that the manner of the collection of Plaintiff's urine sample after he was catheterized was not unreasonable.

**2. Count II: Deliberate Indifference to Serious Medical Need Re Treatment for Pain and Blood in Urine**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard — that the

7

deprivation was serious enough to constitute cruel and unusual punishment — and a subjective standard — deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). The first prong requires plaintiff to "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). The second prong requires plaintiff to show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). Mere negligence does not rise to an Eighth Amendment violation. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Moreover, prison officials are not deliberately indifferent simply because they selected or prescribed a course of treatment different than the one the inmate requests or prefers. *Toguchi v. Chung*, 391 F.3d 1050, 1058 (9th Cir. 2004). Only where the prison official's "'chosen course of treatment was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health,'" will the treatment decision be found constitutionally infirm. *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). In addition, it is only where those infirm treatment decisions result in harm to the plaintiff—though the harm need not be substantial—that Eighth Amendment liability arises. *Jett*, 439 F.3d at 1096.

The Magistrate Judge found that Plaintiff can satisfy the first prong—that his reports of blood in his urine and an inability to produce urine shows a serious medical need. (ECF No. 89 at 8.) However, the Magistrate Judge found that the second prong is not satisfied because the medical records show that "the purpose of the catheterization was to address plaintiff's complaints of pain and blood in his urine, and inability to produce urine." (*Id.*) It is this finding that Plaintiff disputes. He argues that given his report of pain and soreness, "having a catheter shoved into [his] sore penis amounts to

deliberate indifference." (ECF No. 90 at 4.) He insists that "catheterization is not how to determine blood in urine" or "how you treat someone who complained of penis pain and blood in urine."[2] (*Id.* at 4-5.) Plaintiff contends that Defendants' use of the catheter under the circumstances here was done in conscious disregard of excessive risk to his health.

The Court agrees with the Magistrate Judge's finding that the medical records undisputedly show that the catheterization was ordered to address Plaintiff's complaint of pain and blood in his urine. (*See* discussion *supra* at Sect. III(B)(2).) Plaintiff's contention that catheterization was not medically necessary because he had complained of pain and catheterizing only enhanced his pain, not resolved it, is not supported by the undisputed medical records. Moreover, even accepting Plaintiff's contention as true, he has at best only shown that he was not provided adequate care and that the catheterization may be medically unacceptable. However, neither showing is sufficient to satisfy the second prong. *See* Farmer v. 511 U.S. at, 835; *Toguchi,* 391 F.3d at 1058. Plaintiff has not offered any evidence to show that the decision to order catheterization was done in "conscious disregard of an excessive risk of" Plaintiff's health. *Toguchi,* 391 F.3d at 1058. The Court therefore adopts the Magistrate Judge's recommendation to grant summary judgment as to Count II.

### 3. Count IV: Deliberate Indifference to Serious Medical Need Re Delay in Dental Care

Where, as here, a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). The Magistrate Judge found that the medical records undisputedly show that "Plaintiff was seen by a dentist on a number of occasions, was

---

[2]Plaintiff cites to a declaration from his aunt, Janet E. Leonard, who "was an LPN nurse for 43 years," as support for his argument that catheterization was not medically necessary. (ECF No. 90 at 2.) He references other declarations from expert witnesses which support the same opinion in his subsequent motion to submit new evidence. (ECF No. 103.)

provided Fixodent, was prescribed a soft food diet, and eventually received new dentures." (ECF No. 89 at 11.) The Magistrate Judge further found that, while there may have been some delay in Plaintiff obtain new dentures, Plaintiff cannot show "further injury." (ECF No 89 at 11.) Having reviewed the records in this case, the Court agrees.

In his objection, Plaintiff argues that he should be given the opportunity to conduct discovery to obtain evidence of "further injury." (ECF No. 90 at 5-6.) However, such evidence should be in Plaintiff's possession; evidence of "further injury" to Plaintiff would not be coming from Defendants. Plaintiff thus cannot show he cannot obtain facts needed to justify his opposition to Defendants' Motion as required under Fed. R. Civ. P. 56(d).

**V. CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 89) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 53) is granted.

It is further ordered that Defendant's motions to strike (ECF Nos. 97, 98, 111) are granted. Plaintiff's reply brief (ECF No. 95) and filings relating to new evidence (ECF Nos. 91, 94, 107) will be stricken.

It is further ordered the following motions filed by Plaintiff are denied: second motion for appointment of counsel (ECF No. 88); second motion for reconsideration (ECF No. 93), motion for continuance (ECF No. 99), and motions for leave to file new evidence (ECF Nos. 103, 114).

It is further ordered that the Clerk enter judgment and close this case.

DATED THIS 17th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE